IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD SWANN,                            :

        Plaintiff,                :        Case No. 2:04-cv-578

      v.                               :        Judge Holschuh

CITY OF COLUMBUS POLICE, *et*            :        Magistrate Judge Abel
*al.*,
                                         :

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Edward Swann brings this action pursuant to 42 U.S.C. § 1983 alleging

Defendants violated his First, Eighth, and Fourteenth Amendment rights.  This matter is

before the Magistrate Judge on Defendants the Columbus Police Department, Chief

James Jackson, and the Chairman of the City of Columbus Public Services

Department's February 23, 2005 motion to dismiss Plaintiff's amended complaint (doc.

24).[1]  Defendants argue that the Columbus Police Department should be removed as a

defendant because it lacks the capacity to be sued.  Defendants also argue that the

amended complaint fails to state a claim against Chief James Jackson and the

Chairman of the City of Columbus Public Services Department.

---

[1] Plaintiff Edward Swann names Chairman of Public Safety as a defendant in his response to Defendants' motion to dismiss.  However, in his amended complaint he names the Chairman of Public Services.   It appears that Swann is using these titles interchangeably.  Since Defendants' motion refers to the Chairman of the City of Columbus Public Services Department, the Court will treat the Chairman of the City of Columbus Public Services Department as the named Defendant.

**I.  Facts**.

Plaintiff Edward Swann brings this action alleging that his civil rights were violated when Columbus Police officers, Defendants James Carsey, James Howe, Jennifer Sheafer, Micheal McWhorter, Isaac Moore, David Aurigemma, and Robert Biehl, physically assaulted him while he was in their custody.  Swann claims that he was beaten following a car chase involving the police.  Swann was fleeing police.  He maintains that the police were able to stop his car by placing spikes in the road, which caused his tires to flatten; he then hit a tree.  The officers then allegedly pulled him out of the vehicle and began beating him.

After the car accident and alleged assault, Swann was taken to Grant Hospital. During Swann's two day stay, an officer from Internal Affairs visited him and took photographs of his injuries.  Among the injuries was an injury to Swann's elbow.  On or about March 10, 2003, he was transported from Grant Hospital to the Franklin County Jail.  Because of the elbow injury, Swann requested a bottom bunk.  Defendants allegedly told Swann that there was nothing wrong with his elbow and denied him treatment making the injury worse.  They also required him to sleep on the top bunk, which allegedly aggravated this injury.  Swann maintains that this conduct states a claim of deliberate indifference to his medical needs in violation of the Eighth Amendment's protection against cruel and unusual punishment.

**II.  Arguments.**

Defendants maintain that the City of Columbus Police Department lacks the capacity to be sued.  The City of Columbus's charter establishes the Division of Police

2

as a subdivision of the Department of Public Safety; the City Charter does not establish a police department.  Defendants recognize that the Division of Police does provide police services; however, Defendants maintain that the Division of Police is merely an administrative vehicle by which the City of Columbus operates and performs its functions.  Accordingly, the division does not have the capacity to sue or be sued.

Defendants also argue that the amended complaint fails to state any claims against Chief James Jackson and the Chairman of the City of Columbus Public Safety either directly or by inference.  Plaintiff Edward Swann's response motion states that Chief Jackson created an air of lawlessness which encouraged the officers to violate his rights, and the Chairman of Public Safety, as Chief Jackson's supervisor,  is ultimately responsible for Chief  Jackson's operation and management of the police department.

## III.  Standard for a Motion to Dismiss.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of

3

factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971);

*Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a

court will indulge all reasonable inferences that might be drawn from the pleading.  *See*

*Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a

complaint should not be dismissed for failure to state a claim unless it appears beyond a

doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v.*

*Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The*

*Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184

(6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980).  Because the motion

under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel*

*Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir.

1983), the court must focus on whether the claimant is entitled to offer evidence to

support the claims, rather than whether the plaintiff will ultimately prevail.  *See Scheuer*,

416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A

federal court cannot consider extrinsic evidence in determining whether a complaint

states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at

155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim

against a defendant.  *See United States v. School Dist. of Ferndale*, 577 F.2d 1339,

1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d

121, 125 (6th Cir. 1983).  Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).  It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted.  *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

## IV.  Discussion.

### A.  The Police Department as a Defendant.

"Police departments are not *sui juris*; they are merely sub-units of the municipalities they serve."  *Jones v. Pt. D. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002).   A police department lacks the capacity to sue or be sued.  *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, (S.D. Ohio 1987).  Consequently, a

municipality's police department cannot be sued absent naming the municipality or city as a defendant.  *See Id.*

Defendants argue in their motion to dismiss that Defendant the Columbus Police Department is not a proper party to this litigation and should be dismissed.  Swann did not respond to this argument.  The Columbus City Charter establishes the Division of police as a sub-unit of the Department of public safety, and the City of Columbus is not named as a defendant.  *See* Sec. 97, Cols. City Charter.  The Columbus police department lacks the capacity to be sued and is not a proper party to this litigation.

**B. The Claims Against Chief James Jackson and Chairman Public Services.**

A plaintiff may bring a claim against city officials for their failure to adequately train officers.  However, "mere inaction by supervisory officials will not suffice to support a s 1983 claim."  *Taylor v. Canton, Ohio Police Dep't.*, 544 F. Supp. 783, 789 (N.D. Ohio).  The Sixth Circuit has held that "simple negligence is insufficient to support liability of high police officials and municipalities for inadequate training, supervision, and control of individual officers."  *Id.* (quoting *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982).  Liability for such violations is founded upon "the existence of an 'affirmative link' or 'casual connection' between an individual police officer's misconduct and the adoption of any plan or policy by the municipality-express or otherwise-showing their authorization or approval of such misconduct."  *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  "[A] plaintiff must prove that the action or failure to act by city officials was in some way deliberate rather than inadvertent."  *Id.*

6

The February 14, 2005 amended complaint makes no mention of Chief James Jackson or the Chairman of the City of Public Services.  Outside of the caption, their names do not appear anywhere in the complaint.  In Swann's response to Defendants' motion to dismiss, Swann refers to the Chairman of Public Safety.  The Chairman of Public Safety is not a named defendant in this case.  Therefore, any statements making allegations against the Chairman of Public Safety will be disregarded.  Swann then claims that Chief James Jackson should not be dismissed as a defendant because Chief Jackson failed to enforce state laws and police department regulations which created an atmosphere of lawlessness.  However, the amended complaint contains no allegations regarding Chief Jackson.   While courts must apply "less stringent standards" when determining whether a claim for relief has been stated, this liberal standard has its limits.  *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).  Swann has filed a complaint, an amended response that sets forth a more definite statement, and an amended complaint.  Yet, none of these documents sets forth any allegations stating a claim for relief against Chief James Jackson or the Chairmen of Public Services.

**V.  Conclusion.**

Accordingly, I **RECOMMEND** that Defendants the Columbus Police Department, Chief James Jackson, and the Chairman of the City of Columbus Public Services Department's February 23, 2005 motion to dismiss Plaintiff's amended complaint (doc. 24) be **GRANTED.**  Defendants the Columbus Police Department, Chief James Jackson, and the Chairman of the City of Columbus Public Services Department should

be **DISMISSED**.  The only remaining Defendants would be Officers James Carsey,

James Howe, Jennifer Sheafer, Micheal McWhorter, Isaac Moore, David Aurigemma,

and Robert Biehl.

If any party objects to this Report and Recommendation, that party may, within

ten (10) days, file and serve on all parties a motion for reconsideration by the Court,

specifically designating this Report and Recommendation, and the part thereof in

question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed.

R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District

Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas*

*v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d

Cir. 1989).


/s/ Mark R. Abel_____
United States Magistrate Judge