IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Edward Swann, | : | |
| Plaintiff | : | Civil Action 2:04-cv-578 |
| v. | : | Judge Holschuh |
| Jim Karnes, *et al.,* | : | Magistrate Judge Abel |
| Defendant | | |
| | : | |

**ORDER**

This matter is before the Court on Plaintiff Edward Swann's June 22, 2005

motion to amend the amended complaint and response to Report and Recommendation

(doc. 33).  On June 15, 2005, the Magistrate Judge extended the time to and including

July 6, 2005 for Swann to file objections to the Magistrate Judge's June 2, 2005 Report

and Recommendation (doc. 27).  Rather than filing objections, Swann filed the June 22

motion to amend the amended complaint.  Swann brings this action pursuant to 42

U.S.C. § 1983 alleging that Defendants violated his rights protected by the First, Eighth,

and Fourteenth Amendments when police officers allegedly assaulted him following a

car chase.

The Magistrate Judge's June 22, 2005 Report and Recommendation

recommended the dismissal of the following Defendants: the Columbus Police

Department, Chief James Jackson, and the Chairman of Columbus Public Services.

The following Defendants, each of the Columbus police officers, would remain: (1)

James Carsey; (2) James Howe; (3) Jennifer Sheafer; (4) Micheal McWhorter; (5) Isaac

Moore; (6) David Aurigemma; and (7) Robert Biehl.  In the proposed second amended

1

complaint, Swann asks for leave to add two Defendants: Mitchell Brown, Director of Public Safety for the City of Columbus and the City of Columbus.  He also requests that the Columbus Police Department be dismissed from the lawsuit because it should never have been made a party.

**I.  Facts.**

On or about March 10, 2003, Swann was involved in a car chase with Columbus police officers.  After running over road spikes and crashing the car he was driving, Swann maintains that Columbus police officers physically dragged him from the car and assaulted him.  He specifically claims that Officer James Carsey kicked him in the forehead three to four times and Officer Jennifer Sheafer twisted his arm until his elbow "popped."  Officer Sheafer then allegedly put her hand over Swann's mouth causing him to lose consciousness.  After he regained consciousness, Officer Sheafer pulled down Swann's pants and ridiculed him while he was walking in handcuffs.

Defendants argue that Swann's response to the Report and Recommendation and motion to amend the amended complaint should be denied because allowing any further amendments to the complaint would be futile and results in the needless prolonging of this action.  Defendants also argue that the claims against the City of Columbus and Director of Public Safety, Mitchell Brown, should be barred because the two year statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 has expired.

2

## II.  Standard.

### A.  Motion to Dismiss.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The*

*Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706

4

(6th Cir. 1970).  It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted.  *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

### B.  Amendment to Pleadings.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a), Fed. R. Civ. P. That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared  reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,*195 F.3d 828, 834 (6th Cir. 1999).

Delay alone is not a ground for denying leave to amend.  *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir. 1990).  The party opposing leave to amend must demonstrate significant prejudice.  *Duggins,*195 F.3d at 834; *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986).  The Court determines prejudice considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant  additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994).  The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice.  *Id.*  Courts have frequently found prejudice where the amendment is made after the discovery deadline has passed, *Duggins,* 195 F.3d at 834 (Amendment sought after discovery and case dispositive motions deadlines had passed and while a motion for summary judgment was pending); *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995)(Amendment sought one month before trial); *Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir. 1989); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987), or on the eve of trial.  *Ferguson v. Neighborhood Housing Services, Inc.,* 780 F.2d 549 (6th Cir. 1986).  A party who moves to amend late in the lawsuit has "an increased burden to show justification for failing to move earlier."  *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir. 2001)(Citation omitted).  Nonetheless, even amendments made on the eve of trial are permissible when there is no demonstrable prejudice.  *United States v. Wood,* 877 F.2d 453, 456-57 (6th Cir. 1989)(Amendment permitted three weeks before trial).  Further, even if there is prejudice, the Court may be able to fashion a remedy, such as assessing the moving party the costs of duplicative discovery, which would permit the amendment.  *See, Janikowski,* 823 F.2d at 952; *Moore v. Paducah,* 790 F.2d 557, 562 (6th Cir. 1986); *Adkins v. International Union,* 769 F.2d 330, 334 (6th Cir. 1985).

**III.  Discussion**

6

**A.  Chief James Jackson and Director of Public Safety Mitchell Brown.**

Swann's proposed amendments to the amended complaint seek to add claims against Chief James Jackson and the Director of Public Safety Mitchell Brown.  The proposed amendments do not allege any acts these two individuals participated in.  Rather, Swann claims that Chief Jackson, as the police officers' supervisor, had the authority to punish the officers, and Jackson failed to adequately do so following the alleged assault.  Mitchell Brown, as Chief Jackson's supervisor, had the ability to create rules and regulations governing the officers' conduct and through the customs and policies Brown established, he "show[ed] deliberate indifference" to Swann's constitutional rights.

While a plaintiff may bring a claim against city officials for their failure to adequately train officers, "mere inaction by supervisory officials will not suffice to support a [§] 1983 claim."  *Taylor v. Canton, Ohio Police Dep't.*, 544 F. Supp. 783, 789 (N.D. Ohio 1982).  The Sixth Circuit has held that "simple negligence is insufficient to support liability of high police officials and municipalities for inadequate training, supervision, and control of individual officers."  *Id.* (quoting *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982)).  Liability for such violations is founded upon "the existence of an 'affirmative link' or 'casual connection' between an individual police officer's misconduct and the adoption of any plan or policy by the municipality-express or otherwise-showing their authorization or approval of such misconduct."  *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  "[A] plaintiff must prove that the action or failure to act by city officials was in some way deliberate rather than inadvertent."  *Id.*

Swann's claims against Mitchell Brown and Chief James Jackson are founded

7

upon claims that they failed to adequately punish the officers after the alleged constitutional violations occurred.  Swann has not identified any training or policies that Jackson or Mitchell endorsed, promoted, or acquiesced in that encouraged an atmosphere of violence or lawlessness in the City of Columbus's Division of Police. Rather, Swann seeks to hold Jackson and Brown liable for their roles as supervisors, which is insufficient to state a claim pursuant to § 1983.

**B.  City of Columbus**.

In the proposed amendments to the amended complaint, Swann seeks to add the City of Columbus as a defendant.  In the complaint and the amended complaint, Swann named the City of Columbus Police Department as a defendant without naming the City of Columbus.  The Magistrate Judge's June 2, 2005 Report and Recommendation stated that the Division of Police could not be named as a defendant unless the City of Columbus was also named as a defendant.  Swann now seeks to substitute the City of Columbus for the Police Department.

Defendants argue that the City of Columbus cannot be added as a defendant because the two year statute of limitations applicable to claims brought pursuant to § 1983 has run.  *See Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989). Defendants are correct, the acts or events giving rise to Swann's claims occurred on or about March 10, 2003, and Swann did not file this motion until June 2005.  However, according to Rule 15(c)(3), an amendment changing the name of a party or adding a new party will relate back to the original pleading if the claim against that party arose out of the same transaction or occurrence as the claims set forth in the original pleading and if

8

within the period provided by Rule 4(m) for service of summons and
complaint, the party to be brought in by amendment (A) has received such
notice of the institution of the action that the party will not be prejudiced in
maintaining a defense on the merits, and (B) knew or should have known
that, but for a mistake concerning the identity of the proper party, the
action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). In order for Swann's claims against the City of Columbus to

relate back, he must satisfy four elements:

(1) the claim or defense asserted in the amended pleading arose out of
the same conduct, transaction, or occurrence set forth in the original
pleading; (2) the party to be brought in by the amendment has received
such notice of the institution of the action that the party will not be
prejudiced in maintaining a defense on the merits; (3) the party knew or
should have known that but for a mistake in identity of the proper party,
the action would have been brought against the party; and (4) the
conditions in (2) and (3) occurred within 120 days of the filing of the
original complaint.

*In re Wall*, 310 B.R. 324, 328-29 (N.D. Ohio 2004). Actual notice to the proposed

party is not necessary, constructive notice will satisfy the notice requirement.

*Berndt v. Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986).

Swann satisfies the first requirement: his claims against the City of Columbus

arise out of his alleged assault. Next, it is unlikely that any prejudice will result by

substituting the City of Columbus as a defendant because the City of Columbus should

have been aware of Swann's pending claims. The City of Columbus's attorney has

represented the Police Department in these proceedings. If Swann's amendment is

permitted, the Columbus City Attorney would also represent the City of Columbus.

Accordingly, the City should have been aware that these proceedings were pending and

that Swann mistakenly named the Police Department as a defendant. Further, it was

the City Attorney that argued that the police department could not be named as a

defendant without Swann naming the City of Columbus.  Since the City Attorney has been actively involved in this litigation, the City of Columbus has received notice of Swann's claims.  Finally, the docket sheet shows that the City of Columbus Police Department was served on October 20, 2004; this is within the 120 days permitted for service of summons and complaint according to Rule 4(m), Fed. R. Civ. P.  The City of Columbus and its attorney would have received notice of Swann's claims against the City within this time frame.  The City of Columbus should have been aware that Swann had filed this suit mistakenly naming the City of Columbus Police Department as a defendant instead of the City of Columbus.

**IV.  Conclusion.**

The Magistrate Judge's June 2, 2005 Report and Recommendation (doc. 27) is **AFFIRMED** and **ADOPTED**.  Defendants Chief James Jackson, the Columbus Police

Department, and the Chairman of Columbus Public Services Department are

**DISMISSED**. Plaintiff Edward Swann's June 22, 2005 motion to amend the amended

complaint and response to Report and Recommendation (doc. 33) is **GRANTED IN**

**PART AND DENIED IN PART**. Plaintiff shall be **GRANTED** leave to amend the

amended complaint to substitute the City of Columbus as a defendant in this action.

Plaintiff is **DENIED** leave to add Chief James Jackson and Mitchell Brown, Public Safety

Director as defendants.


September 13, 2005                                      /s/ John D. Holschuh
                                                       John D. Holschuh, Judge
                                                       United States District Court

11