IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SWANN, | : | |
| Plaintiff, | : | Case No. 2:04-cv-578 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS POLICE, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on Plaintiff Edward Swann's September 16, 2005 motion for appointment of counsel (doc. 42), Plaintiff's September 27, 2005 amended complaint (doc. 44), Plaintiff's October 12, 2005 motion for order to compel disclosure of discovery under 37 and. 45 of the Civil Rules of Procedure (doc. 46), and Plaintiff's October 14, 2005 motion to subpoena all incident reports, documents, dispatch reports or videotapes of the night of March 10, 2003 from David Aurigemma  F.C.S.O. under Rule 45(2)(A) and (3)(A).

Plaintiff's September 16, 2005 motion for appointment of counsel (doc. 42) is **DENIED**.  With regard to Plaintiff's September 27, 2005 amended complaint (doc. 44), I **RECOMMEND** that it be **STRICKEN** from the docket.  On June 2, 2005, I filed a Report and Recommendation recommending dismissing the City of Columbus Police Department as a defendant.  On September 13, 2005, the District Judge affirmed and adopted the Report and Recommendation but granted Swann's request to substitute the

1

City of Columbus as a defendant, reasoning that Plaintiff had mistakenly named the City of Columbus Police Department as a defendant.  Subsequently, Defendants filed an answer to Swann's complaint as amended by the substitution.  On September 27, 2005, Swann filed an entirely new amended complaint.  Consequently, I **RECOMMEND** that Plaintiff Edward Swann's amended complaint (doc. 44) be **STRICKEN**.  No new amended complaint should be filed.  Plaintiff's claims are limited to those complaints made in his February 14, 2005 amended complaint (doc. 23).  Defendant City of Columbus shall be substituted wherever the complaint refers to the City of Columbus Police Department.

Swann filed an October 12, 2005 unopposed motion to compel the Ohio Department of Rehabilitations and Corrections ("O.D.R.C.") to produce his medical records (doc. 46).  His complaint alleges that Columbus police officers assaulted him after a car chase.  Because the only remaining defendants in this litigation are the City of Columbus and Officers James Carsey, James Howe, Jennifer Sheafer, Micheal McWhorter, Isaac Moore, David Aurigemma, and Robert Biehl, O.D.R.C. is a non-party.  The proper way to make document requests upon a non-party is through the issuance of a subpoena.  *See* Fed. R. Civ. P. 45.  The Rule further provides that

> The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service.   An attorney as officer of the court may also issue and sign a subpoena . . . .

Fed. R. Civ. P. 45(a)(3).  Swann's motion to compel states that he sent a personal letter to O.D.R.C. on August 11, 2005 asking for his medical records.  Mot. to Compel ¶ 1.  There is no evidence that a subpoena was ever issued and served upon O.D.R.C.

requesting the production of Swann's medical records. Consequently, it is premature for this Court to consider a motion to compel.

Swann also filed an October 14, 2005 unopposed motion to subpoena all incident reports, documents, dispatch reports or videotapes of the night of March 10, 2003 from David Aurigemma F.C.S.O. under Rule 45(2)(A) and (3)(A). In this motion, Swann states that he recently learned that Defendant Aurigemma is no longer a police officer. He, therefore, asks this Court to subpoena former police officer Aurigemma's police reports. Mot. To Subpoena ¶ 1.

The proper mechanism for making a document request on a party is Rule 34(b) of the Federal Rules of Civil Procedure. Swann's motion does not contain any statements suggesting that he has previously made a document request under Rule 34(b) on former police officer Aurigemma, the City of Columbus, or the Columbus Police Department.

Accordingly, I **RECOMMEND** that Plaintiff Edward Swann's September 16, 2005 motion for appointment of counsel (doc. 42) be **DENIED**. I **FURTHER RECOMMEND** that Plaintiff's September 27, 2005 amended complaint (doc. 44) be **STRICKEN** from the docket. I **FURTHER RECOMMEND** that Plaintiff's October 12, 2005 motion for order to compel disclosure of discovery under 37 and 45 of the Civil Rules of Procedure (doc. 46), and Plaintiff's October 14, 2005 motion to subpoena all incident reports, documents, dispatch reports or videotapes of the night of March 10, 2003 from David Aurigemma F.C.S.O. under Rule 45(2)(A) and (3)(A) be **DENIED**. However, the Clerk of Court is **DIRECTED** to issue a subpoena and mail it to Plaintiff Edward Swann so that

3

Swann can complete it and serve it upon non-party O.D.R.C..

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

/s/ Mark R. Abel
United States Magistrate Judge