IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD SWANN,** | : | |
| **Plaintiff,** | : | Case No. 2:04-cv-578 |
| v. | : | Judge Holschuh |
| **CITY OF COLUMBUS POLICE, et al.,** | : | Magistrate Judge Abel |
| | : | |
| **Defendants.** | : | |

### Memorandum Opinion and Order

On January 30, 2006, the Court received a letter from Plaintiff stating that the Court had misconstrued his November 21, 2005 objections to the Magistrate Judge's Report and Recommendation. (Doc. #54). This letter was apparently submitted in support of Plaintiff's motion "for the District Judge to Intervene...." (Doc. # 67).

On January 25, 2006, this Court issued an order construing Plaintiff's November 21, 2005 objections as pertaining to the Magistrate Judge's June 2, 2005 Report and Recommendation. (Order (January 25, 2006)). Upon further review, it now appears that Plaintiff's objections actually relate to the Magistrate Judge's November 10, 2005 Report and Recommendation. Plaintiff's motion for "intervention" is therefore **GRANTED** and this Court will review the Magistrate Judge's November 10, 2005 Report and Recommendation to determine whether it is clearly erroneous or contrary to law. See 28 U.S.C. § 626(b)(1)(A).

The November 10, 2005 Report and Recommendation begins by noting that, on June 2, 2005, it was recommended that the City of Columbus Police Department be dismissed as a defendant. On September 13, 2005, this Court affirmed the June 2, 2005 Report and

Recommendation, but allowed Plaintiff to amend his amended complaint so as to substitute the City of Columbus as a defendant. (Order at p. 11 (September 13, 2005)). Thereafter, on September 27, 2005, Plaintiff filed a second amended complaint naming the City of Columbus as a Defendant. (Doc. # 44). However, Plaintiff's second amended complaint also contained new allegations against the individual Defendants as well as the City of Columbus. (Id.). The Magistrate Judge therefore recommended that the second amended complaint be stricken and that the City of Columbus merely be substituted wherever the amended complaint (Doc. # 23) refers to the City of Columbus Police Department.

      Plaintiff argues that he was given permission to amend the complaint and should be further permitted to "explain why the City of Columbus should be named in the amended complaint." (Doc. # 54, at ¶ 1). This Court concludes that the Magistrate Judge's recommendation is appropriate. Rule 8 of the Federal Rules of Civil Procedure merely requires a "short and plain statement of the claim showing that the pleader is entitle to relief...." Fed. R. Civ. P. 8(a). Substituting the City of Columbus for the City of Columbus Police Department satisfies that requirement.

      Moreover, Plaintiff's second amended complaint improperly adds new allegations against the individual Defendants as well as the City of Columbus. However, this Court's prior order only permitted Plaintiff to file an amended complaint so as to substitute the City of Columbus as a defendant. (Order (September 13, 2005)). Therefore, this Court concludes that it was proper to strike Plaintiff's second amended complaint because he had not been granted leave to add

2

such additional allegations.[1]  See Fed. R. Civ. P. 15(a).


**WHEREUPON**, Plaintiff's motion for intervention by the District Judge (Doc. # 67) is **GRANTED**.  However, Plaintiff's objections to the Magistrate Judge's November 10, 2005 Report and Recommendation (Doc. # 54) are **OVERRULED**.  The Magistrate Judge's November 10, 2005 Report and Recommendation (Doc. # 49) is hereby **ADOPTED** and **AFFIRMED**.


**IT IS SO ORDERED.**


February 3, 2006                                      /s/ John D. Holschuh
                                                        John D. Holschuh, Judge
                                                        United States District Court

---

[1] If Plaintiff wishes to add new allegations and/or claims, the proper procedure is to file a motion for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.