IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SWANN, | : | |
| Plaintiff, | : | Case No. 2:04-cv-578 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS POLICE, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

**ORDER**

This matter is before the Court on plaintiff Edward Swann's June 8, 2006 objections to the Magistrate Judge's May 30, 2006 Report and Recommendation, which recommended granting defendant City of Columbus' March 3, 2006 motion for summary judgment. (Doc. 109). Swann, an inmate at Orient Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his civil rights when police officers used excessive force during an arrest in 2003. He pleads violations of his First, Eighth, and Fourteenth Amendment rights–including a claim that defendants acted with deliberate indifference to his serious medical needs by preventing him from receiving adequate medical attention for the injuries he suffered during the alleged assault. In his response to defendant's motion for summary judgment, Swann alleged that defendant police officers conspired to create a fraudulent investigative report containing false statements about the details surrounding Swann's arrest.

1

The Magistrate Judge recommended dismissing Swann's claims because he failed to establish any grounds for finding municipal liability, he had not stated a claim pursuant to the Eighth Amendment because he was not convicted of any crime at the time of the alleged assault, there was no evidence that the City of Columbus had failed to train its officers or had failed to discipline them, that Swann did not make any allegations that the City was involved in the conspiracy, and Swann had failed to effectuate service on the Columbus police officer defendants.

In Swann's objections he re-raises many of the same arguments he raised in his response to defendant's motion for summary judgment. He also disputes defendant's factual allegations regarding the time of night officers arrived on the scene of his arrest and whether or not at the end of the police chase he ran into patrol car 144. He argues that the dispute over these facts raises genuine issues of material fact. He next argues that he should be allowed to include a Fourth Amendment violation amongst his claims. Additionally, Swann argues that he perfected service on defendant officers in a timely fashion: in his July 2004 complaint, he named John Doe defendants; on February 14, 2005, he states that he learned the identities of the officers; on March 7, 2005 he obtained the necessary forms to perfect service from the Clerk of Courts; and on March 9, this was noted on the docket.

Swann does not object to the dismissal of the alleged Eighth Amendment violations for cruel and unusual punishment at the time of his arrest and deliberate indifference to his medical needs following his arrest. Accordingly, these claims shall be dismissed.

**I. Background.**

Swann filed this action claiming that police officers assaulted him following a car chase. On March 10, 2003, just after 1:00 a.m., Swann was spotted trying to break into the Custom Computer Warehouse. Swann fled the scene in a Jeep and was chased by Columbus police officers. The chase ended after Swann ran over road spikes and crashed into a van and tree.[1] Swann claims that Columbus police officers then physically dragged him from the car and assaulted him. He maintains that Officer James Carsey kicked him in the forehead three to four times and Officer Jennifer Sheafer twisted his arm until his elbow "popped." Officer Sheafer then allegedly put her hand over Swann's mouth causing him to lose consciousness. After he regained consciousness, Officer Sheafer pulled down Swann's pants and ridiculed him while he was walking in handcuffs.[2] Swann complained to officers of a pre-existing heart condition, so officers requested medical assistance. He was transported to Grant Medical Center for treatment. Hospital notes state that Swann admitted to smoking crack 1-2 hours prior to receiving treatment. Defs' Reply, Exh. A. He also admitted, that at the end of the chase, he hit his chest into the steering wheel. Notes also state that Swann had an abrasion on his forehead.

---

[1] Twice during the car chase, Swann backed into police cruiser 144. Swann argues that he did not hit this car. However, defendants have submitted the investigative report of Sergeant Shirk and photographs of the police cruiser as well as the Jeep Swann was driving which show damage to both vehicles.

[2] Swann's portrayal of the events is in stark contrast to the events as alleged by the officers and contained in Sergeant Shirk's investigation. Officer Carsey maintains that after crashing the Jeep, Swann charged him. They wrestled with one another, fell to the ground, and eventually Carsey was able to pin Swann down. Swann continued to try and wriggle free. Carsey states that he hit Swann in the head three to five times in an effort to gain control over Swann. Other officers began to arrive on the scene and aided Carsey in handcuffing Swann. Carsey, as well as the reports of all the officers at the scene, state that at no time did any officer kick Swann in the head or anywhere else.

At 3:00 a.m., Officer Carsey contacted Sergeant Shirk to notify Shirk that they had a suspect who had resisted arrest. The investigation reveals that Swann suffered a three inch abrasion to his left forehead. Officer Carsey broke his left hand.

## II. Analysis.

### A. Failure to Train.

Swann's complaint argues that the City of Columbus is liable for the actions of its officers because it failed to provide adequate training to the officers on the use of force. In the Report and Recommendation, the Magistrate Judge conducted a detailed analysis of this claim. Swann does not raise any new arguments. Liability for a municipality's failure to train is only found in very narrow circumstances. The first task in any municipal liability suit brought pursuant to 42 U.S.C. § 1983 is to determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "[A] municipality is liable for failure to train its police force, where the plaintiff proves that the municipality acted recklessly, intentionally, or with gross negligence" and "that the lack of training was so reckless or grossly negligent that deprivations of persons' constitutional rights were substantially certain to result." *Id.* at 382-83. (punctuation omitted) (citation omitted). For liability to arise, "the failure to train [must amount] to deliberate indifference to the rights of the persons with whom the police come into contact." *Id.* at 388. Therefore, "a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation." *Id.* at 389 (citation omitted) (punctuation omitted). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality- a 'policy' as defined by our prior cases- can a city be liable for such a failure under § 1983." *Id.*

A municipality has a policy of providing inadequate training when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. at 390. Further, the plaintiff must also be able to show that the inadequacy in training actually led to the injury. *Id.* at 391. This is the necessary causal link as mentioned earlier. Consequently, deliberate indifference for a municipality's failure to train may only exist when "the city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *Id*. at 392.

The City of Columbus submitted the affidavits of Stephen J. Schwab, a lieutenant in the Basic Training Section of the City's Training Academy and Brian A. Bruce, a sergeant for the Columbus Division of Police, Training Bureau, Defensive Tactics Unit. The affidavits provide a detailed account of the training received by each of the defendant officers.

Swann argues that the City was deliberately indifferent to his constitutional rights as shown by what little training the officers received on the use of force. Swann then cites the training reports, but only refers to the course entitled "Use of Force." The evidence and affidavit of Schwab and the training records show that the officers were repeatedly trained on the use of force in making arrests. The affidavit of James Jackson states that it was the policy and custom of the Columbus police department to obey persons' constitutional rights. Finally, Swann has failed to identify any connection between the failure of the officers training and the officers alleged assault upon him. Municipal liability pursuant to 42 U.S.C. § 1983 on a claim of failure to train is only found in very narrow circumstances. Because Swann has failed to plead a connection between the allegedly inadequate training and the alleged assault, he has not raised a

5

genuine issue of law or fact. Swann's claim for the City's alleged failure to train should be dismissed.

### B. Failure to Investigate and Discipline the Officers.

Swann argues that the City's failure to investigate and discipline the alleged misconduct of its officers is grounds for finding that the City has a policy or custom of violating a suspect's rights. A municipality may be liable for its failure to investigate and/or discipline its officers when the "[f]ailure by a municipality to investigate or discipline its police officers . . .permit[s] an inference that the misconduct which injured the plaintiff was pursuant to an official policy or custom." *Hullett v. Smiedendorf*, 52 F. Supp. 2d 817, 825 (W.D. Mich. 1999) (punctuation omitted) (quoting *Tompkins v. Frost*, 655 F. Supp. 468, 472 (E.D. Mich. 1987)). Further, for there to be liability, there must be a causal connection between the failure to investigate and/or discipline and the alleged constitutional violations.

> The strength of the inference which could be drawn from a failure to investigate would vary from case to case depending on the nature of the notice given to the municipality and whether the municipality intentionally or recklessly failed to take appropriate action. In the failure to discipline context a plaintiff must show a history of widespread abuse that has been ignored by the city.

*Id.* (citations omitted) (punctuation omitted).

The Magistrate Judge's Report and Recommendation contains the following discussion:

> Defendant has submitted the affidavit of Sergeant John M. Shirk. He states that Officer Carsey contacted him at approximately 3:00 a.m. on March 10, 2003 notifying Shirk of "an action response to resistance" during Swann's arrest.[3] Swann had been observed trying to break into the Custom Computer Warehouse. Shirk Aff. ¶ 4. At the end of the police car chase, Swann crashed the Jeep he was driving. *Id.* at ¶ 5. Shirk was called to the crash location to begin an "Intra-

---

[3] On the date of the arrest, Swann had identified himself to the arresting officers as David Beck Jr. and it is Beck's name that is contained in Shirk's report.

6

Departmental Action Response Investigation." *Id.* at ¶ 5. Shirk was not present when Swann was apprehended. *Id.* at ¶ 6. Shirk states that as part of his investigation he interviewed Officers Carsey, Howe, Sheafer, McWhorter, and Moore. He also interviewed Beck, who was later identified as Swann. Shirk concluded

My investigation revealed that the Officers' action responses were reasonable in light of the facts and circumstances surrounding the Plaintiff's criminal activity, including the pursuit and the struggle that ensued during his apprehension.

Shirk Aff. ¶ 11.

Swann has not pleaded any allegation of "widespread abuse" by the City. Rather, the evidence shows that the City undertook an investigation that cleared the officers of any alleged wrongdoing. Swann has not pleaded or produced evidence that shows that the City had a policy or custom of ignoring the complaints, that the City failed to investigate complaints, or that it had previous complaints about the defendant officers in the past and that the City somehow failed to investigate or discipline these officers. Rather, the evidence shows that Sergeant Shirk completed an investigation regarding the circumstances surrounding the arrest of plaintiff. Swann has not pleaded or provided evidence that the investigations undertaken by the City's investigators are [a] sham or that the investigations are part of the City's custom or policy of violating persons' constitutional rights. Plaintiff's claim that the City ratified the conduct of the officers because it failed to investigate and/or discipline the officers should be dismissed.

Swann's objections do not provide any additional evidence that would create a question of law or fact for these claims. The evidence submitted by defendants shows that an investigation was conducted. The investigation contains statements by the officers and investigator. Based on the investigation, the City did not believe that disciplining the officers was appropriate. As an investigation was undertaken and relied upon by the City, there is no genuine issue of law or fact that would support Swann's claim that the City failed to investigate or discipline the officers.

**C. Conspiracy Claims**.

While Swann alleged a conspiracy by defendant police officers in his complaint and amended complaint, he did not argue that the City also engaged in that conspiracy until he filed his response to defendant's motion for summary judgment. These new allegations were made without any particularity. Swann's objections do not add any additional specificity to the conspiracy allegations made against the City. A city may not be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Hullett*, 52 F. Supp. at 824. For there to be municipal liability, the plaintiff must establish a municipal policy or custom that is causally connected to the constitutional violations. *Id.* Plaintiff has failed to raise a genuine issue of law or fact. Plaintiff's claim of conspiracy against the City should be dismissed.

### D. First Amendment Claim.

Swann's complaint states that his First Amendment rights were violated. The Magistrate Judge recommended dismissing this claim because he failed plead anything more than a statement that his rights were violated. In his objections, Swann now argues that he has a right to seek redress for his grievances which is protected by the First Amendment. Swann has not pleaded a First Amendment violation. Even if his right to seek redress were protected by the First Amendment, Swann has not pleaded that he was prevented from seeking redress.

### E. Fourth Amendment Violation.

In Swann's objections he argues that he should be permitted to plead a claim pursuant to the Fourth Amendment for the use of excessive force. However, as the Magistrate Judge stated in his Report and Recommendation, even if Swann were permitted leave to amend his complaint to add a claim for excessive force, Swann has failed to put forth any evidence that would establish that officers used excessive force at the time of the arrest. Moreover, Swann filed his

complaint in July 2004; he had not provided sufficient reasons to allow for amendment this late in the proceedings.

### F. Proper Service.

Defendants have also moved for summary judgment for defendant officers David Aurigemma, Robert Biehl, James Carsey, Jennifer Sheafer, James Howe and Michael McWhorter arguing that Swann failed to effectuate service. Swann did not name these officers as defendants in his July 6, 2004 original complaint; rather, he listed John Doe officers. However, in Swann's February 14, 2005 amended complaint he did identify these officers by name. Am. Compl. ¶¶ 1-6.

The Magistrate Judge determined that Swann had failed to effectuate service of the summons and complaint within 120 of filing the amended complaint as required by Rule 4(m), Fed. R. Civ. P. Therefore, to avoid having these defendants dismissed from the action, Swann was directed to show cause within 11 days of the date of the order why these defendants should not be dismissed. Swann did not file a separate response to show cause order, but in his objections, he did argue that service had been effectuated. The docket sheet states that on March 7, 2005, simultaneously with the filing of Swann's response to defendants' motion to dismiss: "This Motion further contains an Amended Complaint. Clerk['s] Office completed Marshal forms and Summons for Defendants named in the Amended complaint." See docket sheet doc. 25. However, on June 2, 2005, the Magistrate Judge recommended denying Swann's motion to amend the complaint. While the docket states that forms were completed for service, the summons were never returned executed. More importantly, the amendment was denied and this amended complaint was rendered meaningless. The February 14, 2005 amended complaint was

9

and is the governing complaint in this action.  There is no evidence that it was ever served on defendant officers.  Accordingly, because Swann failed to serve summons and complaint on these defendants within 120 days of filing the amended complaint, defendant officers Aurigemma, Biehl, Carsey, Sheafer, Howe, McWhorter, and Moore are dismissed without prejudice as required by Rule 4(m), Fed. R. Civ. P.

**III. Conclusion.**

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), this Court **AFFIRMS** and **ADOPTS** the Magistrate Judge's May 30, 2006 Report and Recommendation (doc. 106).   Plaintiff Edward Swann's June 8, 2006 objections (doc. 109) are **OVERRULED**.  Defendant the City of Columbus' March 3, 2006 motion for summary judgment (doc. 78) is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant Sheriff Jim Karnes, who was dismissed from this lawsuit by the Court's March 16, 2005 Order; defendants City of Columbus Police Department and Chief James Jackson, who were dismissed from this lawsuit by the Court's September 13, 2005 Order; and defendant the City of Columbus.  Further, defendants Aurigemma, Biehl, Carsey, Sheaffer, Howe, McWhorter, and Moore are **DISMISSED** without prejudice as required by Rule 4(m), Fed. R. Civ. P.

July 31, 2006 /s/ John D. Holschuh
John D. Holschuh, Judge
United States District Court